*572 TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I concur in all of the majority’s disposition, except Part I.B. Because I do not agree that the evidence is sufficient to sustain a conviction under 18 U.S.C. § 1001 for the making of a false statement to the FBI, I respectfully dissent in part.
The chai'ged false statement is that Defendant Howard said to FBI Special Agent Reid Nakamura in response to Nakamura’s question:
Did you know [Hughes] was wanted?
Howard: Who is he wanted by?
Nakamura: The FBI. He’s wanted by the FBI and he has an arrest warrant.
Howard: No. I didn’t know.
Defendant contends that the statement, “No. I didn’t know,” was not material, which is an essential element of a false statement chai'ge. See United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (“[C]onviction ... requires that the statements be ‘material’ to the Government inquiry, and that ‘materiality’ is an element of the offense that the Government must prove.”). The majority conclusorily states that “a jury could reasonably have found that the statement was material,” Maj. Disp. at 571 (citing United States v. Boone, 951 F.2d 1526, 1545 (9th Cir.1991)) (“The materiality requirement ... is satisfied if the statement is capable of influencing or affecting a federal agency.”), but the evidence does not support this assertion. There was no testimony or other showing as to how the statement could have “influenced] or affect[ed]” the FBI. Agent Nakamura testified that the question was “|j]ust a standard question,” “a logical question.” Moreover, as the majority concedes, the FBI already knew the answer to the question because, as FBI Special Agent Gregory Kraus testified at trial, “he told Howard to his face that Hughes had a warrant out for his arrest and was wanted by the FBI.” Maj. Disp. at 570. Thus, it is quite plain that Defendant’s denial, “No. I didn’t know,” made at a time when the FBI already knew that Defendant did know, was not a material statement. There is no way that this statement could have influenced the FBI and, indeed, it did not.
According to the Supreme Court, a “misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decision making body to which it was addressed.” Kungys v. United States, 485 U.S. 759, 770, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (emphasis added). Similarly, we have said that “[a] statement is considered material if it has the propensity to influence agency action .... ” United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir.1986) (emphasis added). The government must prove “that the false statement has the intrinsic capability of influencing or affecting the agency’s or department’s decision.” United States v. Facchini, 874 F.2d 638, 643 (9th Cir.1989) (en banc) (emphasis added). Here, there was no possibility that Defendant’s false statement could have influenced or affected the agency’s, i.e., the FBI’s, action because the FBI knew that the statement was false. After all, it was FBI Agent Kraus who told Defendant that Hughes was wanted and had an outstanding arrest warrant. That Agent Nakamura was momentarily misled because he did not then know all that the agency itself knew is of no moment. The statement was, in the circumstances, incapable of influencing the FBI — the agency.
Because the charged statement was not material, I would reverse the conviction on the false statement charge, Count 2, vacate the sentence, and remand for resentencing on the remaining count. I respectfully *573 dissent from Part I.B. of the majority’s disposition.